John C. McNairy, use, etc. v. George W. Gathings.

1. Verdict. *Surplusage. Damages. Writ of inquiry. New trial.*
    The assessment of damages, in a verdict for the plaintiff, although
    clearly erroneous on its face and based upon improper considerations,
    cannot, if essential to make the finding responsive to all the issues
    submitted to the jury, be stricken out as surplusage and a writ of
    inquiry awarded; but the entire verdict should be set aside, and a
    new trial granted.

2. Supreme Court. *New points.*
    This court cannot examine the correctness of a verdict, unless excep-
    tions were taken, or a motion for a new trial made in the lower
    court.

Error to the Circuit Court of Monroe County.

Hon. J. A. Green, Judge.

*Murphy, Sykes & Bristow,* and *J. B. Dowd,* for the plaintiff
in error.

The issues were the plaintiff's right to recover, and the
value of the cotton. *McNairy v. Gathings,* 52 Miss. 592.
The verdict, " We, the jury, find for the plaintiff," responds to
the first, but not to the second. No question was raised as to
the value of Confederate or Mississippi money, but the latter
words of the verdict are as much surplusage as would have
been " valued of court house and grounds, $20,000." The
jury having found for the plaintiff, but having failed to assess
the damages, a writ of inquiry should have been awarded.
*Walker v. Commissioners,* 1 S. & M. 372; *Drane v. Hilzheim,*
13 S. & M. 336; *Merrill v. Melchior,* 30 Miss. 516; *Atkinson v.
Foxworth,* 53 Miss. 733; *Spratley v. Kitchens,* 55 Miss. 578; 2
Tidd's Prac. 922 and note.

*Gholson & Houston,* and *G. J. Buchanan,* for the defendant
in error.

The verdict responds to the issues made in the pleadings,
and no evidence is in the record to show that these issues
were narrowed by proof. The jury find for the plaintiff and
assess his damages, and their verdict cannot be divided so as
to retain the part favorable to the plaintiff and reject the rest.
The presumption is that the verdict was warranted by the

facts. *Phillips* v. *Lane*, 4 How. 122; *Kingsley* v. *State Bank*, 3 Yerger, 107; 2 Tidd's Prac. 868. If the verdict was based on improper considerations, the remedy was a new trial, which was granted.

CHALMERS, J., delivered the opinion of the court.

This case was previously before us, and is reported in 52 Miss. 592. It is a suit upon a written instrument, whereby the maker acknowledges the receipt of three thousand dollars in Confederate treasury-notes and Mississippi cotton money, in payment of five thousand pounds of lint cotton, which cotton he obligates himself thereafter to deliver. The parties went to trial upon a plea of the general issue, and upon a special plea that the contract had been abandoned by the plaintiff before suit brought. When the case was previously in this court, we held that there had been no abandonment of the contract, and declared that the plaintiff was entitled, under the proof, to a verdict for the value of the cotton.

Upon the subsequent trial in the court below, the jury returned a verdict in the following words: "We, the jury, find for the plaintiff. Valued" [value] "of Confederate and Mississippi cotton money at time paid, one hundred dollars, with six per cent interest per annum, amounting to one hundred and seventy-eight dollars." And upon this verdict judgment was entered for the plaintiff for one hundred and seventy-eight dollars. A motion was made by the plaintiff to vacate this judgment and award him a writ of inquiry to assess the value of the cotton. This motion was based upon the theory that, inasmuch as the value of the money paid for the cotton was not in issue by the pleadings, and was a matter with which the jury had no concern, so much of the finding as related to it was to be treated as surplusage, and the verdict regarded as a general finding for the plaintiff, with a failure to assess the damages to which he was entitled. This motion was overruled, but a subsequent motion by the plaintiff to set aside the verdict as being contrary to the law and evidence was sustained, and a new trial awarded. The new trial was had, and resulted in a verdict for the defendant. The plaintiff made no motion to set aside this last verdict, nor were any excep-

tions taken upon the last trial. The case is brought here solely upon the supposed error in the action of the court in refusing to award the writ of inquiry upon the former verdict, to which action the plaintiff, at the time, reserved a bill of exceptions.

We think that the court below was right throughout. The verdict in question was manifestly erroneous, and based upon considerations which had no legitimate connection with the case. It was therefore properly set aside and a new trial awarded, but it cannot be regarded as a general finding for the plaintiff without indication on the part of the jury of the amount they intended to award. On the contrary, they quite clearly, though awkwardly, signify their estimate of the damages at one hundred and seventy-eight dollars. While it is manifest by their language that they based this estimate upon improper considerations, and therefore fixed upon an improper sum, it is equally evident that they did arrive at a conclusion, and did express their opinion as to what the amount should be. This being so, no part of it can be treated as a nullity, nor the whole of it as constituting a general finding for the plaintiff, without ascertainment of the sum due. Improper words can only be stricken from a verdict as surplusage, where those that remain constitute a perfect response to all the issues submitted. *Traube* v. *State*, 56 Miss. 153. The issues submitted here were, whether the plaintiff was entitled to recover, and, if so, how much. If we strike out the obnoxious words, there is no response whatever to the second question, and, while a writ of inquiry should be awarded when there is a failure to assess damages, it is not permissible, where the jury have made a finding, to strike it out, although clearly erroneous and based upon improper considerations, and produce, a result that was never intended, by preserving the balance of the verdict.

No motion for a new trial having been made, or exceptions taken to the verdict rendered for the defendant on the last trial, we are precluded from any consideration of its correctness.                          *Judgment affirmed.*